*held* to show that the claimant and the intestate agreed that on expiration of the intestate's lease of the claimant's land the claimant should live with the intestate on said land and that the intestate should have the use thereof, in a claim in the Probate Court to recover for rent.

---

## W. A. Kelly, Appellee, v. Charles Sanderson, Appellant.

### Gen. No. 6,383.     (Not to be reported in full.)

Appeal from the Circuit Court of La Salle county; the Hon. JOE A. DAVIS, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed February 10, 1917.

### Statement of the Case.

Action by W. A. Kelly, plaintiff, against Charles Sanderson, defendant, for assault and battery, to which the defendant pleaded not guilty and *son assault demesne*. From a judgment for plaintiff for eight hundred dollars, defendant appeals.

Plaintiff, to prevent water running from a public court in the rear of his property, which was higher than his property, onto his property, made an embankment with ashes six or eight inches high, causing the water to accumulate in the court, so that when defendant attempted to take out his horse from his barn opening on the court he found this water there, and told his boy to open the embankment and let the water out. Plaintiff ordered the boy away, and then defendant came up with a hoe and began digging an opening, which Kelly filled up with a shovel as fast as it was made. A fight with hoe and shovel followed until they were separated, plaintiff receiving from the hoe a gash

in his leg an inch deep and an inch and a half long, for which this action was brought.

R. A. GREEN and H. L. RICHOLSON, for appellant.

H. M. KELLY, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

### Abstract of the Decision.

1. ASSAULT AND BATTERY, § 22*—*when verdict is not excessive.* In an action for assault and battery, evidence *held* sufficient to sustain a verdict for eight hundred dollars damages for personal injuries, where such injuries required medical attendance at times for two weeks and prevented plaintiff from practicing his profession as a dentist for some time, and left a permanent scar and caused pain at times for six months after the injuries were sustained, and grounds for exemplary damages appeared.

2. ASSAULT AND BATTERY, § 22*—*when party is entitled to instruction on exemplary damages.* Every provocation for an assault does not deprive the party assaulted of a right to exemplary damages for such assault, and the question is one for the jury upon which such party is entitled to have them instructed.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.